962 S.W.2d 622 (1997)
Mary CASTILLO, Individually and on Behalf of the Estate of Aurelia Yzaguirre, et al., Appellants,
v.
TROPICAL TEXAS CENTER FOR MENTAL HEALTH AND MENTAL RETARDATION and the Texas Department of Mental Health and Mental Retardation, Appellees.
No. 13-96-517-CV.
Court of Appeals of Texas, Corpus Christi.
December 18, 1997.
*624 Filemon B. Vela, Constant & Vela, Corpus Christi, for appellants.
Dan Morales, Jorge Vega, Laquita Hamilton, Nelly R. Herrera, Melodie Elizabeth Krane, Austin, for appellees.
Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

MEMORANDUM OPINION
RODRIGUEZ, Justice.
This is an appeal from a summary judgment granted in favor of Tropical Texas Center for Mental Health and Mental Retardation ("Tropical Texas") and the Texas Department of Mental Health and Mental Retardation ("MHMR") on the basis of sovereign immunity.[1]
David Ruiz, a former patient at Tropical Texas, attacked, raped, and murdered Aurelia Yzaguirre. Appellants, the husband, parents, and children of Ms. Yzaguirre, brought suit against Tropical Texas and MHMR, claiming their negligence in failing to properly treat, diagnose, and monitor Ruiz's condition created a danger to the public and Ms. Yzaguirre.
In their sole point of error, appellants contend the trial court erred in granting appellees' motion for summary judgment because fact issues exist concerning the applicability of appellees' sovereign immunity defense. We affirm.
When a defendant establishes as a matter of law that an essential element of a plaintiff's cause of action does not exist or establishes as a matter of law all of the elements of its affirmative defense, the defendant is entitled to summary judgment. Rosas v. Buddie's Food Store, 518 S.W.2d 534, 537 (Tex.1975). And, while a summary judgment may not normally be granted on the basis of the plaintiff's pleadings alone, Texas Dep't of Corrections v. Herring, 513 S.W.2d 6, 9 (Tex.1974), pleadings may be considered in determining whether a legally enforceable claim has been asserted. Reyna v. City of Weslaco, 944 S.W.2d 657, 660 (Tex. App.Corpus Christi 1997, no writ).
Section 101.021 of the Texas Tort Claims Act provides "[a] governmental unit in the state is liable for personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997). Claiming no use of tangible personal or real property was involved in the incident resulting in Ms. Yzaguirre's death, both Tropical Texas and MHMR filed motions for summary judgment in which they claimed sovereign immunity under the Act.
In their response to the motions, appellants argued that Ruiz's medical records were tangible personal property which were misused or negligently used by the defendants.
It is undisputed that MHMR is a governmental agency and is thus protected by the Act's immunity. Thus, the only question to be resolved in this appeal is whether Ruiz's medical records constituted tangible personal property such that MHMR is not immune from appellants' claims.
We find the case directly controlled by the supreme court's decision in University of Tex. Med. Branch v. York, 871 S.W.2d 175, 179 (Tex.1994). In York, the plaintiff complained UTMB misused tangible personal property by failing to record pertinent information regarding a patient and further failed to rely on information that was recorded. The court found that
[w]hile the paper on which doctors and nurses may record information about a patient's condition is tangible in that paper can be seen and touched, information itself is an abstract concept, lacking corporeal, physical, or palpable qualities. Information *625 thus, is intangible; the fact that information is recorded in writing does not render the information tangible property.
York, 871 S.W.2d at 178-79. The court went on to hold
that information, which may or may not be recorded in a patient's medical records, does not constitute tangible personal property under section 101.021(2) of the Texas Tort Claims Act and that the State has not waived governmental immunity for negligence involving the use, misuse, or nonuse of information in a patient's medical records.
Id. at 179.
Appellants' point of error with respect to MHMR is overruled.
We next consider whether appellants' point of error should also be overruled with respect to Tropical Texas. Appellants contend the Act does not provide immunity to Tropical Texas because it is not a government agency; rather, it is a private non-profit organization which receives funds from various sources, including MHMR, to provide services to MHMR.
Tropical Texas attached to its motion for summary judgment the affidavit of Don Gilbert, Commissioner of the Texas Department of Mental Health and Mental Retardation. Commissioner Gilbert stated MHMR "has recognized and continues to recognize that Tropical Texas Center for MHMR is a community mental health and mental retardation center ...". The Texas Health & Safety Code provides that "a community center is an agency of the State, a governmental unit, and a unit of local government, as defined and specified by Chapters 101 and 102, Civil Practice and Remedies Code." TEX.HEALTH & SAFETY CODE ANN. § 534.001(c)(1) (Vernon Supp.1998).
Appellants objected to Gilbert's affidavit on the basis that it contained unsubstantiated opinion and was based on hearsay. Appellants further objected that Gilbert's testimony regarding the status of Tropical Texas as a community mental health and mental retardation center was that of an interested witness and could not be easily controverted. A party objecting to the competency of summary judgment proof must obtain a ruling on its objection or obtain a written order signed by the trial judge and entered of record, or the objection is waived and the proof remains a part of the summary judgment record. Bauer v. Jasso, 946 S.W.2d 552, 556 (Tex.App.Corpus Christi 1997, no writ). While appellants' response contains written objections to Gilbert's affidavit, there is no order sustaining the objections; and the order granting summary judgment does not reflect that the trial court considered the objections. We find appellant has waived this point.
Appellants also asserted in their response to Tropical Texas's motion that
although Plaintiff has diligently attempted to research and investigate [Tropical Texas's status as a private corporation] they have not had sufficient time to obtain the evidence to support its [sic] contention. Therefore, Plaintiff would ask that this Court continue this matter to allow the Plaintiff sufficient time to obtain the evidence needed to respond to this motion for summary judgment.
The record does not contain an order either granting or denying appellants' request for a continuance, nor do we find any indication appellants presented their need for a continuance to the trial court other than a request buried within their response. Appellants have not brought forward a point of error complaining about the trial court's failure to grant a continuance so that the necessary information could be obtained. See generally, Allen v. Roddis Lumber and Veneer Co., 796 S.W.2d 758, 763 (Tex.App.Corpus Christi 1990, writ denied) (by participating in the hearing without objecting or requesting a continuance, appellants waived any potential error).
Appellants' statement that Tropical Texas is a private corporation was not verified, therefore we have no evidence upon which to conclude a fact question was created as to whether Tropical Texas is a governmental entity entitled to sovereign immunity. Given Gilbert's uncontroverted affidavit stating Tropical Texas is a community based mental health/mental retardation center and the *626 Texas Health & Safety Code's recognition that such centers are governmental entities, we cannot say the trial court erred in granting Tropical Texas's motion for summary judgment on the basis of sovereign immunity.
Appellants' point of error is overruled. The judgment of the trial court is AFFIRMED.
NOTES
[1] See Texas Tort Claims Act, TEX.CIV.PRAC. & REM. CODE ANN. § 101.001, et seq. (Vernon 1997).