Israel VELASQUEZ, Appellant,

v.

WASTE CONNECTIONS, INC., a/k/a Waste Connections of Texas L.L.C., El Paso Disposal, a/k/a El Paso Disposal, L.P., and Camino Real Environmental, a/k/a Camino Real Environmental Research Center, Inc., and Ray Lesh, Appellees.

No. 08–04–00075–CV.

Court of Appeals of Texas, El Paso.

July 14, 2005.

Israel Velasquez, El Paso, pro se.

R. Glenn Davis, Scott & Hulse, El Paso, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from a summary judgment granted in favor of Appellees in a lawsuit filed by Appellant alleging wrongful termination on the basis of national origin as a result of his termination from

employment with one Appellee, El Paso Disposal, L.P. The trial court originally granted summary judgment in favor of Appellees Waste Connections, Inc., El Paso Disposal, L.P., and Ray Lesh based on traditional motions for summary judgment filed by those Appellees. The trial court also granted summary judgment in favor of Appellee Camino Real Environmental Center, Inc. based upon its "no-evidence" motion for summary judgment. Appellant appeals in five issues challenging the court's granting of the summary judgments. For the reasons stated, we affirm.

## I. *SUMMARY OF THE EVIDENCE*

Appellee El Paso Disposal, L.P. is a company engaged in the trash collection and disposal business. Incidental to its business operations, El Paso Disposal maintains its own fleet of vehicles. The company was purchased by Waste Connections, Inc. in September of 1999 and has been a subsidiary of that company since that time.

Appellant was first employed by El Paso Disposal, L.P. in approximately 1973 as a truck driver. He held various positions within the company eventually becoming a supervisor. During the year 2000, Appellant was in a supervisory position that was responsible for keeping trash compactors clean.

Following the acquisition of the business by Waste Connections, Inc., management personnel changed at El Paso Disposal. Specifically, El Paso Disposal hired Appellee Ray Lesh as the fleet maintenance manager responsible for overseeing the maintenance departments in El Paso, Texas, and Las Cruces, and Alamogordo, New Mexico. As a part of his reorganization of the department, Lesh implemented some changes in the job responsibilities of various individuals including Velasquez. Although Velasquez's job responsibilities were changed, he was named the El Paso night supervisor. After a short time in the new position, Lesh began to have some concerns about Velasquez's job performance. Initially, Lesh implemented informal counseling sessions to address his concerns and then progressed to written counseling sessions and warnings. In March of 2001, as a result of some further problems, Velasquez was transferred to a different position as a truck driver. The employees who replaced Velasquez were of the same national origin as Velasquez. As a result of his transfer to a truck driver position, Velasquez received a reduction in pay. Because of the pay differential, Velasquez requested a transfer to the maintenance department and the transfer was approved. Velasquez was to be paid a salary commensurate with that of other maintenance mechanics.

Velasquez began to have problems with his work as a maintenance mechanic. He made several errors which created problems with the vehicles he was responsible for repairing. Ultimately, he was responsible for an incident that involved leaving a sample tube in a vehicle which resulted in some significant damage to a vehicle. As a result of this incident, Velasquez was terminated.

Velasquez filed his original petition suing the various Appellees and contending that he had been wrongfully discharged and discriminated against by the creation of a hostile work environment in violation of the Texas Labor Code Section 21.051 on the basis of national origin or race because Velasquez is a Mexican–American. He also contends that all the defendants have committed the tort of intentional infliction of emotional distress. In his original petition, he admits to suing the three entity defendants because he was not familiar with the correct name of the entity by

which he was employed. His complaints of discrimination and hostile work environment relate to the fact that he was demoted and ultimately terminated by Ray Lesh, one of his supervisors and that Ray Lesh regularly used ethnically based derogatory comments directed towards him and in his presence.

Waste Connections and El Paso Disposal filed a motion for summary judgment alleging both traditional and "no-evidence" grounds, specifically contending that Velasquez was not subject to harassment based upon his national origin, there were legitimate, non-discriminatory reasons for his termination, the conduct complained of does not rise to the level of extreme or outrageous conduct to support a cause of action of intentional infliction of emotional distress and, as a matter of law, there is no evidence that Velasquez suffered from emotional distress. Camino Real Environmental Center, Inc. filed a "no-evidence" motion for summary judgment on the grounds that there is no evidence that it was an employer of Velasquez.

Ray Lesh filed a traditional motion for summary judgment on the grounds that under the TCHRA, there is no basis for a cause of action against him individually, and further, the conduct about which Velasquez complains is not so outrageous as to support a cause of action for the intentional infliction of emotional distress, as a matter of law.

The trial court granted the motions for summary judgment as to all Appellees without specifying the grounds. After the motions were granted, Appellant's most recent attorney filed a motion for new trial on December 30, 2003. Appellant appeared to be unhappy with the representation provided by his most recent attorney, so he filed an additional motion for new trial on January 6, 2004.

The trial court held a hearing on Appellant's motion for new trial and Appellant appeared pro se. The trial court denied the motion and Appellant filed his notice of appeal. Appellant challenges the granting of the summary judgments in five issues.

## II. DISCUSSION

### A. Issues on Appeal

Preliminarily, we note that Appellant has filed his brief asserting five general points of error which do not differentiate between the various Appellees. Specifically, Issue Nos. One and Five complain of the granting of the summary judgments for the reason that there is "more than a scintilla of evidence to prove the case in plaintiff's favor," and "[t]he court erred in granting summary judgment because court [sic] did not take into account the various discrepancies presented by the defense." We read these as a legal and factual sufficiency of the evidence challenge, though Appellant's issues on appeal only contain general language and do not complain of the specific error to be addressed on appeal.

Issue Nos. Two, Three, and Four complain of certain evidence that was included as attachments to the motions for summary judgment and that "Defendant's [sic] failed to concretely prove the Plaintiff performed PM task [sic] that he was terminated for."

### B. Camino Real Environmental Center, Inc.

Preliminarily, we note that while Appellant appears to be complaining of the granting of the "no-evidence" motion for summary judgment in favor of Camino Real Environmental Center, Inc., his compliant is limited to the wording of the judgment which reflects that no response was filed to the Camino Real motion. He

contends that no response was filed "due to a previous made agreement about this entity." He does not appear to complain about the granting of the motion nor does he suggest that there is any evidence in the record to establish that the motion was improperly granted, his complaint appears to be related solely to the wording of the judgment in its failure to reflect that the non-response was due to an agreement among the parties. He does not complain about the granting of the summary judgment and presents no argument that Camino Real should remain as a party to this lawsuit. We affirm the granting of the no-evidence motion for summary judgment in favor of Camino Real Environmental Research Center, Inc.

### C. Waiver

▮▮▮▮ In Issue Nos. Two, Three, and Four, Appellant argues that the trial court erred in granting the summary judgments because of his belief that the evidence considered was hearsay. Before we reach the merits of his challenge, however, we note that Appellant has only cited two cases in the body of his argument. The first case contains a nonsensical cite in support of his position and we were unable to review the case to determine its relevance. The other case cited does not address the admissibility of evidence during a summary judgment proceeding and is therefore, not relevant either. His argument on appeal consists of several pages of references to exhibits attached to his brief in support of a series of factual allegations that, in essence, is Velasquez's attempt to present his opinion testimony to this Court. Velasquez submits as argument his own testimony about why the factual documentation attached to the motions was falsified. Further, the record does not reflect any objections to the evidence as submitted. A party objecting to the competency of summary judgment proof must obtain a ruling on its objection or obtain a written order signed by the trial judge and entered of record, or the objection is waived and the proof remains a part of the summary judgment record. *Rogers v. Continental Airlines, Inc.*, 41 S.W.3d 196, 200 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Castillo v. Tropical Texas Center for Mental Health and Mental Retardation*, 962 S.W.2d 622, 625 (Tex.App.-Corpus Christi 1997, no writ); *Bauer v. Jasso*, 946 S.W.2d 552, 556 (Tex.App.-Corpus Christi 1997, no writ); *Roberts v. Friendswood Development Co.*, 886 S.W.2d 363, 365 (Tex.App.-Houston [1st Dist.] 1994, writ denied). Because Velasquez's argument does not contain a single reference to a relevant case or legal principle, the issues are not adequately briefed and are considered waived. Tex.R.App. P. 38.1(h). Further, Velasquez has waived his complaint regarding the admissibility of any of the summary judgment evidence for his failure to object, therefore, we overrule his contentions in Issue Nos. Two, Three, and Four.

### D. Summary Judgment Standard of Review

▮▮▮▮ Issue Nos. One and Five complain that the court erred in granting Appellees' motions for summary judgment. The standard of review on appeal of a traditional motion for summary judgement is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d 466, 469 (Tex.App.-El Paso 1994, writ denied). Thus, the question on appeal is not whether the summary judgment proof

raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *See Gibbs v. General Motors,* 450 S.W.2d 827, 828 (Tex.1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the nonmovant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the nonmovant's favor. *See Nixon,* 690 S.W.2d at 548–49; *DeLuna v. Guynes Printing Co.,* 884 S.W.2d 206, 208 (Tex.App.-El Paso 1994, writ denied). Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *See Perez,* 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines,* 659 S.W.2d 33, 34 (Tex. 1983); *Cortez,* 885 S.W.2d at 469. Furthermore, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993); *Rogers v. Ricane Enter. Inc.,* 772 S.W.2d 76, 79 (Tex.1989).

Under the "no-evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). The motion must state the elements as to which there is no evidence. *Id.* The reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a gen-

uine issue of material fact. *Id.* Under the no-evidence summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.,* 962 S.W.2d 193, 197 n. 3 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant").

The San Antonio Court of Appeals states the applicable standard of review for no-evidence summary judgments as follows: " 'A no-evidence summary judgment is essentially a pretrial directed verdict,' and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *Moore v. K Mart Corp.,* 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied); *see also* Hon. David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L.Rev. 1303, 1356 (1998) (no-evidence summary judgment is essentially pretrial directed verdict).

A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *See Havner,* 953 S.W.2d at 711. Less than a scintilla of

evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983).

Appellees filed a motion for summary judgment against all the causes of action asserted by the plaintiff alleging traditional grounds based on the defense that there was a legitimate non-discriminatory and non-retaliatory reason for each employment action about which Velasquez complains as well as "no evidence" of discrimination or harassment based upon Velasquez's ethnicity, Velasquez was terminated for legitimate non-discriminatory reasons, and there was no evidence of conduct that rises to the level of intentional infliction of emotional distress nor is there any evidence that Velasquez suffered extreme distress. As discussed previously, Camino Real filed a "no-evidence" motion for summary judgment under Texas Rules of Civil Procedure Rule 166a(i). The trial court granted the motions without specifying the grounds.

■■■ We note for the record that Appellant filed lengthy responses to the motions for summary judgment filed by Waste Connections, El Paso Disposal, and Ray Lesh. Though lengthy, each response consists of a recitation of the facts as alleged by Velasquez with broad references to attached exhibits and deposition excerpts as proof that there are genuine issues of material fact without further explanation or argument. The response also contains a general description of the case law governing the standards for a motion for summary judgment and general case law regarding the tort of intentional infliction of emotional distress and employment discrimination. Reading the responses, however, does not provide this Court with a clear indication about the evidence upon which Velasquez is intending to rely in support of his contention that more than a scintilla of evidence exists to support a finding of discrimination. Broad conclusory statements are not valid summary judgment evidence. *See Heiser v. Eckerd Corp.,* 983 S.W.2d 313, 316 (Tex.App.-Fort Worth 1998, no pet.). Again, his responses are nothing more than mere speculation and do not rise to the level of more than a scintilla of evidence.

In sum, Appellant's responses are essentially a pronouncement that the accumulated documents establish that there are genuine issues of material fact and, therefore, Appellees' motions for summary judgment should be denied. In fact, a review of the summary judgment evidence establishes that the evidence provided "is so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *See Kindred,* 650 S.W.2d at 63.

■■■ Turning to Appellant's argument on appeal, we agree with Appellees that the issues presented are not adequately briefed or argued. Appellant argues Issue No. One by referring to a series of documents attached as exhibits to his brief, many of which are incomplete and many of which were not attached to his response below, to attempt to argue that a fact issue precluding summary judgment exists. He does not present a coherent argument that explains why the evidence is relevant. In fact, the majority of his response is devoted to his contention that most of the documentary evidence included in this case is falsified or has been created to create false allegations against him. He does not address the legal issue of whether he has presented evidence to create a fact question on whether he was wrongfully terminated on the basis of ethnicity. Similarly, he does not present any case law on the issues of workplace discrimination or the

tort of intentional infliction of emotional distress. The issue is minimally briefed and it does not properly preserve error for review by this Court. When a trial court's summary judgment rests upon more than one independent ground, as the judgment does here, the aggrieved party must assign error to each ground or the judgment will be affirmed on any ground not complained of. *Nabors Corporate Services, Inc. v. Northfield Ins. Co.*, 132 S.W.3d 90, 95 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *Williamson v. State Farm Lloyds*, 76 S.W.3d 64, 67 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Appellant's issues do not direct this Court's attention to any specific error on which he bases his complaint. *See* Tex.R.App. P. 38.1(e). A complaint on appeal must address specific errors and not merely attack the trial court's order in general terms. *McGuire v. McGuire*, 4 S.W.3d 382, 385 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *Hollifield v. Hollifield*, 925 S.W.2d 153, 155 (Tex.App.-Austin 1996, no writ).

Similarly, Appellant's Issue No. Five is not adequately briefed or argued. His argument consists of a two-page recitation of his opinion about how the evidence presented in the case is contradictory. His argument is unclear and does not present any legal principles in support of his contention that the motions for summary judgment were improperly granted. Included in this issue is the gratuitous comment that he was willing to mediate his case but was not informed of the opportunity by his attorneys. We also note he cites no legal authority in support of this issue. The brief "must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." Tex.R.App. P. 38.1(g). Rule 38 requires Appellant to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex.App.-Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory statements, unsupported by legal citations. *Tesoro Petroleum Corp.*, 106 S.W.3d at 128. By presenting such attenuated, unsupported argument, Appellant waives his complaints. We hold Issue No. Five is inadequately briefed and is, therefore, waived. For the reasons stated, we affirm the trial court's ruling and overrule Appellant's Issue Nos. One and Five.

Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.