COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



RICK MILTEER,


 Appellant,


v.


WESTERN RIM CORPORATION AND
WESTERN RIM PROPERTY
MANAGEMENT,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00124-CV



Appeal from the


219th District Court


of Collin County, Texas


(TC#219-526-07)



O P I N I O N


 Appellant, Rick Milteer, appeals the trial court's rendition of summary judgment in favor of
Appellees, Western Rim Corporation and Western Rim Property Management ("Rim"), in Milteer's
suit against Rim for premises liability and gross negligence. Finding Appellant failed to adequately
brief his issues, we determine that nothing is presented for review and therefore affirm the trial
court's judgment.

BACKGROUND

 The factual background and proceedings are well known to the parties, and we do not recite
them here in detail. An abbreviated recitation shows that when Appellant moved into his apartment
on July 9, 2006, his wife and the leasing consultants manually opened the leased garage door since
the remote was not working. Later that day, the garage door closed on Appellant, causing injuries. 
 After Appellant filed his petition alleging premise liability and gross negligence, Rim filed
answers, denying his allegations, and claimed the incident was unavoidable or unforeseeable, or
caused by the acts or omissions of Appellant or some other party. Rim later filed a motion for
summary judgment, and Appellant responded. After notice of hearing, the trial court granted
summary judgment in favor of Rim.

DISCUSSION

 Appellant, appearing pro se, contends in three issues that the trial court's decision to sanction
him was retaliatory, that the trial court failed to consider his summary-judgment evidence, and that
the trial court improperly denied his request to continue the case before final judgment was entered. 
We need not reach any of Appellant's complaints as we find them inadequately briefed.

 Initially, we recognize that Appellant is acting pro se on appeal, and that we must construe
his appellate brief liberally. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). 
However, the law is well-settled that a party proceeding pro se must comply with all applicable
procedural rules. Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex. App.-El Paso 2007, no pet.); Sweed
v. City of El Paso, 195 S.W.3d 784, 786 (Tex. App.-El Paso 2006, no pet.); Clemens v. Allen, 47
S.W.3d 26, 28 (Tex. App.-Amarillo 2000, no pet.); Weaver v. E-Z Mart Stores, Inc., 942 S.W.2d
167, 169 (Tex. App.-Texarkana 1997, no pet.); Harris v. Showcase Chevrolet, 231 S.W.3d 559, 561
(Tex. App.-Dallas 2007, no pet.). If that were not the case, pro se litigants would be afforded an
unfair advantage over those represented by counsel. Valadez, 238 S.W.3d at 845; Martinez v. El
Paso County, 218 S.W.3d 841, 844 (Tex. App.-El Paso 2007, pet. struck); Holt v. F.F. Enterprises,
990 S.W.2d 756, 759 (Tex. App.-Amarillo 1998, pet. denied). Therefore, on appeal, the pro se
litigant must properly present his case. Valadez, 238 S.W.3d at 845; Martinez, 218 S.W.3d at 844;
Strange v. Continental Cas. Co., 126 S.W.3d 676, 678 (Tex. App.-Dallas 2004, pet. denied);
Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex. App.-Amarillo 2003, pet. denied).

 The rules of appellate procedure require Appellant's brief to contain "a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the record." Tex.
R. App. P. 38.1(i). When the appellate issue is unsupported by argument or lacks citation to the
record or legal authority, nothing is presented for review. Republic Underwriters Ins. Co. v.
Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004); Valadez, 238 S.W.3d at 843; Martinez, 218
S.W.3d at 844; Plummer, 93 S.W.3d at 931; Nguyen v. Kosnoski, 93 S.W.3d 186, 188 (Tex.
App.-Houston [14th Dist.] 2002, no pet.). As we noted in Valadez:

It is the Appellant's burden to discuss her assertions of error. An appellate court has
no duty - or even right - to perform an independent review of the record and
applicable law to determine whether there was error. Were we to do so, even on
behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators
and become an advocate for that party.


Valadez, 238 S.W.3d at 845 (citations omitted).

 Here, Appellant provided no record citations for any of his issues. Moreover, his first and
third issues are merely brief conclusory statements unsupported by legal citations. And his second
issue, although containing legal authority for the standard of review and applicable law on premises
liability, provided no discussion or argument of the cases cited or explanation of how those cases
supported his specific contentions. We therefore overrule his complaints as inadequately briefed. 
See Tex. R. App. P. 38.1; Kupchynsky v. Nardiello, 230 S.W.3d 685, 692 (Tex. App.-Dallas 2007,
pet. denied) (issue inadequately briefed when party gave general cite to one case stating elements of
cause of action); Sterling v. Alexander, 99 S.W.3d 793, 799 (Tex. App.-Houston [14th Dist.] 2003,
pet. denied) (issue inadequately briefed when party failed to make proper citations to authority or the
record and in failing to make a cogent argument); Wheeler v. Methodist Hosp., 95 S.W.3d 628, 646
(Tex. App.-Houston [1st Dist.] 2002, no pet.) (issue inadequately briefed when party did little more
than summarily state his point of error, without citations to legal authority or substantive analysis);
Velasquez v. Waste Connections, Inc., 169 S.W.3d 432, 436 (Tex. App.-El Paso 2005, no pet.) (issue
inadequately briefed when argument did not contain any references to relevant cases or legal
principles).

 The trial court's judgment is affirmed.


 GUADALUPE RIVERA, Justice


December 16, 2009


Before McClure, J., Rivera, J., and Chew, Judge

Chew, Judge sitting by assignment