Motion for Rehearing Denied; Opinion of April 6, 2010 Withdrawn;
Affirmed and Opinion on Rehearing filed July 22, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00494-CV

___________________

 

Francis P. Doherty, Appellant

 

V.

 

The Old Place, Inc., Appellee



 



 

On
Appeal from the 412th District Court

Brazoria County,
Texas



Trial Court Cause No. 42851

 



 

 

OPINION ON REHEARING

We deny
appellant’s motion for rehearing, vacate and withdraw our prior opinion and
judgment dated April 6, 2010, and issue this opinion on rehearing and judgment
in their place.

Appellant,
Francis P. Doherty, appeals the summary judgment granted in favor of appellee,
The Old Place, Inc., on his causes of action for trespass to try title and for
removal of cloud on title.  We affirm.

I.                  
Background

 

On March 21, 1978, appellant and his wife were deeded
9.93 acres in Brazoria County, Texas.  On April 3, 1978, appellant and his wife
executed a deed conveying the 9.93 acres to appellant’s five daughters, Mary
Elizabeth Wisnoski, Annette Marie Vavrecka, Kathleen Ann Doherty, Maureen Ann
Doherty, and Estelle Anne Doherty.[1] 
The daughters subsequently formed appellee corporation and, on January 8, 1997,
the daughters deeded the 9.93 acres to appellee.

In 1999, appellant filed suit against his daughters
and appellee seeking, among other things, to set aside the deed to the
daughters as well as the subsequent deed conveying the property to appellee.[2]  Following a jury
trial in November 2005, the trial court granted a directed verdict in favor of
the daughters and appellee on appellant’s claims of no consideration, fraud,
and breach of fiduciary duty.  Based on the jury’s finding that appellant had delivered
the deed to his daughters, the court rendered a take-nothing judgment against
appellant and divested him of all right, title, and interest in the 9.93
acres.  The court signed the final judgment on December 30, 2005.  Appellant
filed an appeal which was subsequently dismissed for want of prosecution due to
appellant’s failure to timely file a brief.[3]

On May 15, 2007, appellant filed the instant action
to remove cloud on title based on his claim that the deed to his daughters was
forged or, in the alternative, as an action in trespass to try title through
prior possession or adverse possession.  Appellee filed no-evidence and
traditional motions for summary judgment.  On April 14, 2008, the trial court
granted both motions.  In its order, the court also granted appellee’s requests
for writ of possession against appellant barring him from entering the property
and for a permanent injunction enjoining appellant from filing another lawsuit
involving appellee or the property at issue.

II.              
Standard of Review

To be entitled to traditional summary
judgment, a defendant must conclusively negate at least one essential element
of each of the plaintiff’s causes of action or conclusively establish each
element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997); Brown v. Hearthwood II Owners Ass’n, Inc.,
201 S.W.3d 153, 159 (Tex. App.—Houston [14th Dist] 2006, pet. denied).  In
reviewing a traditional summary judgment, we examine the entire record in the
light most favorable to the non-movant, indulging every reasonable inference
and resolving any doubts against the motion.  Yancy v. United Surgical
Partners Int’l, Inc., 236 S.W.3d 778, 782 (Tex. 2007).  When a trial
court’s order granting summary judgment does not specify the grounds upon which
it was granted, we will affirm the judgment if any of the theories advanced are
meritorious.  See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

A no-evidence summary judgment will be granted
when (1) there is a complete absence of evidence of a vital fact, (2) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact, (3) the evidence offered to prove a
vital fact is no more than a scintilla, or (4) the evidence conclusively establishes
the opposite of a vital fact.  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003).  When the motion for summary judgment presents both
no-evidence and traditional grounds, appellate courts generally review the
no-evidence grounds first.  See Kalyanaram v. Univ. of Tex. Sys., 230
S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied) (reviewing propriety of
summary judgment under no-evidence standards of rule 166a(i) where motion
presented both no-evidence and traditional grounds) (citing Ford Motor Co.
v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004)).

III.           
Analysis

A.    Appellant’s
Trespass to Try Title Claim

In his first issue, appellant contends that the trial
court erred in granting appellee’s no-evidence motion for summary judgment
because the motion failed to identify the elements of appellant’s claims as to
which there was no evidence.  Appellant further argues that, even if appellee’s
motion is sufficient, appellant provided more than a scintilla of evidence to
support his claims.

Under rule 166a(i), a no-evidence summary judgment
motion must state the specific elements as to which there is no evidence; that
is, it must not be general or conclusory.  See Tex. R. Civ. P. 166a(i); Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002).  The purpose of the
specificity requirement is to provide the non-movant with fair notice of the
matters on which it must produce some evidence.  See Martin v. McDonnold,
247 S.W.3d 224, 233 (Tex. App.—El Paso 2006, no pet.).

In its no-evidence motion, appellee asserted there is
no evidence of any of the following: (1) a regular chain of conveyances from
the sovereign; (2) a superior title out of a common source; (3) title by adverse
possession; or (4) prior possession which has not been abandoned.  We conclude
that appellee’s no-evidence motion was sufficiently specific in that it clearly
identified the methods by which a plaintiff can prove title to land and
appellee contended that appellant provided no evidence of any of these methods.
 We therefore reject this portion of appellant’s first issue.

Appellant next argues that the trial court erred in
granting appellee’s no-evidence motion because appellant provided more than a
scintilla of evidence to raise a fact issue on the challenged elements.  In
both his summary judgment response and appellate brief, appellant points to his
March 20, 2008 affidavit and accompanying exhibits, and his second amended
petition and accompanying exhibits, and concludes that these documents
“collectively provide substantially more than a scintilla of evidence in
support of [his] claims.”  The exhibits, taken together, consist of (1) the
March 1978 deed conveying the property to appellant and his wife; (2) the April
1978 deed conveying the property from appellant and his wife to appellant’s
five daughters; (3) the January 1997 deed conveying the property from the
daughters to appellee; and (4) an affidavit executed by appellant on February
12, 2008.

Appellant’s summary judgment evidence is insufficient
to raise a genuine issue of material fact.  First, appellant’s broad reference
to his March 20, 2008 affidavit and exhibits as proof that there is more than a
scintilla of evidence, without further explanation or argument, does not
provide this Court with a clear indication about the evidence upon which he is
relying.  Appellant’s statement fails to indicate as to which elements the
documents raise a fact issue.  Broad conclusory statements are not valid
summary judgment evidence.  See Velasquez v. Waste Connections, Inc.,
169 S.W.3d 432, 438 (Tex. App.—El Paso 2005, no pet.) (concluding that
appellant’s broad references to attached exhibits and deposition excerpts as
proof of existence of genuine issues of material fact without further
explanation or argument failed to rise to level of more than scintilla of
evidence necessary to defeat no-evidence summary judgment).

Second, the March 20, 2008 affidavit attached to
appellant’s summary judgment response upon which he relies consists of
conclusory statements without factual support.  In his affidavit, appellant
states as follows:

I state further that I claim fee simple title to the 9.93
acres of land … through possession of said 9.93 acres of land, because I have
possessed and used said 9.93 acres of land since that land was deeded to me and
my wife on March 21, 1978 … and I have used, enjoyed, and possessed said 9.93
acres of land for my own use and benefit and have claimed said land as my own
since March 21, 1978, without abandonment of such use and possession at any
time.  My prior possession of the 9.93 acres of land … commenced more than 29
years before the filing of the captioned lawsuit.

In the alternative, I claim fee simple title to the 9.93
acres of land … by adverse possession, because I have occupied the Subject
Property in peaceable and adverse possession and have used, enjoyed, and
appropriated said 9.93 acres of land for my own use and benefit and have
claimed said 9.93 acres of land as my own for more than twenty-five (25 years)
before the filing of the captioned lawsuit …. My use and possession of the
Subject Property … commenced on or before March 21, 1978, and has continued
without abandonment until the present time.

In the further alternative, I claim fee simple title to
said 9.93 acres of land because I have possessed said 9.93 acres of land in
peaceable and adverse possession and have used and appropriated said 9.93 acres
of land for my own exclusive use and benefit and continuously have claimed that
land as my own for more than ten (10) years next preceding the filing of the
captioned lawsuit.

Appellant’s statements that he claims “fee simple
title” to the property based on his prior possession of the land without
abandonment or, alternatively, his occupation of the land in peaceable and
adverse possession are merely conclusory and unsupported by factual evidence.  See
Mem’l Park Med. Ctr., Inc. v. River Bend Dev. Group, L.P., 264 S.W.3d 810,
819 (Tex. App.—Eastland 2008, no pet.) (concluding defendant failed to provide
summary judgment evidence raising fact issue on affirmative defense of limitations
where affidavit did not set forth statements of fact to support legal
conclusion that defendant had exercised actual and visible appropriation of
land for ten or more consecutive years).  Conclusory statements without factual
support are not credible, and are not susceptible to being readily
controverted.  See Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex.
1996); Tex. R. Civ. P. 166a(c). 
These statements in appellant’s affidavit do not constitute competent summary
judgment evidence.

Accordingly, the trial court did not err in granting
appellee’s no-evidence motion for summary judgment on his trespass to try title
claim because appellant failed to present any evidence that created a genuine
issue of material fact.  See Tex.
R. Civ. P. 166a(i).  Issue one is overruled.

B.     Appellant’s
Removal of Cloud on Title Claim

In his second issue, appellant contends that the
trial court erred in granting appellee’s motion for traditional summary
judgment.  Specifically, he argues that because appellee failed to conclusively
prove all of the elements of its affirmative defenses, the trial court should
have denied appellee’s motion.  Because we find that the trial court properly
granted appellee’s no-evidence motion as to his trespass-to-try-title claim, we
consider his argument that the trial court improperly granted appellee’s
traditional motion as it relates to his removal of cloud on title claim only.

In his second amended petition, appellant added a
cause of action for removal of cloud on title based
on his assertion that the 1978 deed to his daughters was forged.  He
alleged that because “the notary public falsely certified that the deed was
acknowledged on April 3, 1978,” the deed was therefore void ab initio and did
not convey title to his daughters.  Consequently, he argued, the daughters did
not convey title to appellee under the 1997 deed.  In its supplemental motion
for summary judgment, appellee argued that appellant’s claim for removal of
cloud on title was barred by res judicata and collateral estoppel.

The
doctrine of res judicata bars the relitigation of claims that have been finally
adjudicated or that could have been litigated in the prior action.  See Igal
v. Brightstar Info. Tech. Group, Inc., 250 S.W.3d 78, 86 (Tex. 2008).  To
be entitled to summary judgment on the affirmative defense of res judicata, the
movant must establish (1) a prior final judgment on the merits by a court of
competent jurisdiction, (2) the same parties or those in privity with them, and
(3) a second action based on the same claims as were raised or could have been
raised in the first action.  See id.  The Texas Supreme Court uses a
transactional approach to res judicata; that is, the factual matters comprise
the subject matter of the litigation and determine “the gist of the
complaint.”  Pustejovsky v. Rapid-Am. Corp., 35 S.W.3d 643, 651
(Tex. 2000).  Subsequent litigation cannot be based on claims that arise from
those facts.  See id.

Appellant
does not dispute that in his prior suit, Cause No. 10584, the trial court issued
a final judgment on the merits and was a court of competent jurisdiction. 
Thus, the first element of res judicata has been met.

As
to the second element—identity of parties or those in privity with them—
appellant argues that the parties in Cause No. 10584 are not the same as the
parties in this case.  To the contrary, the record clearly shows that the
defendant here, The Old Place, Inc., was also a named defendant in the prior
action.  Therefore, the second element of res judicata has been met.

As
to the third element, appellant contends that this suit is not based on the
same claims he raised in the previous action.  In support of his contention, he
argues that the only issue determined by the jury in the prior suit was whether
he delivered the deed to his daughters.[4] 
Thus, he concludes, the claims in this suit do not have a close factual
relationship with the claims raised in the prior suit.  Appellant’s argument is
without merit.  Assuming without deciding that appellant’s removal of cloud on
title claim was not raised in Cause No. 10584, the claim could have been raised
in the previous action.   See Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 630 (Tex. 1992) (“The scope of res judicata is not limited to
matters actually litigated; the judgment in the first suit precludes a second
action by the parties and their privies not only on matters actually litigated,
but also on causes of action or defenses which arise out of the same subject
matter and which might have been litigated in the first suit.”) (emphasis
in original) (quoting Texas Water Comm’n v. Crow Iron Works, 582 S.W.2d
768, 771–72 (Tex. 1979)).

In
the prior action, appellant sought to have the 1978 deed to his daughters as
well as the 1997 deed from the daughters to appellee set aside.  The 1978
deed was executed before Cause No. 10584 was filed; thus, any claim based on
the validity of the deed (e.g., a forgery claim) could have been
asserted in the previous action.  For these reasons, res judicata bars
appellant’s action for removal of cloud on title.  We affirm the trial court’s
grant of appellee’s traditional motion for summary judgment as to plaintiff’s
removal of cloud on title claim.  Issue two is overruled.

IV.            
Conclusion

We affirm the judgment of the
trial court. 

                                                            

            

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

Panel consists of Justices Yates, Frost, and Brown.









[1] The deed was recorded on
September 25, 1986. 





[2] This case was styled Francis
P. Doherty v. Mary Elizabeth Wisnoski, Individually and as Trustee, Annette
Marie Vavrecka, Kathleen Ann Dalmolin, Maureen Ann Doherty, Estelle Ann Kreft
and The Old Place, Inc., No. 10584, in the 239th District Court of Brazoria
County, Texas. 





[3] Thereafter, appellant
filed a second suit naming four of his five daughters and appellee among the
defendants.  On March 14, 2007, the trial court signed an order sustaining the
special exceptions filed by the daughters and appellee and dismissed them from
the suit.   





[4] Although appellant is
correct that the only issue decided by the jury was delivery of the
deed, the trial court also issued a directed verdict on his claims of no
consideration, fraud, and breach of fiduciary duty.