COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DANA ALAN ROTHROCK AND MARCIA GAIL ROTHROCK, | § | No. 08-10-00032-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | 9th District Court |
| | § | |
| SUMMER HILLS COMMUNITY IMPROVEMENT ASSOCIATION, INC., | | of Montgomery County, Texas |
| | § | |
| | | (TC# 09-03-02508) |
| Appellee. | § | |

## O P I N I O N

Appellants, Dana and Marcia Rothrock, appeal the trial court's order, granting summary judgment in favor of Appellee, Summer Hills Community Improvement Association, Inc. In their sole issue on appeal, Appellants label Appellee as a renegade organization, contending that it lacked standing to bring its suit. Finding Appellants failed to adequately brief their appellate complaint, we determine nothing is presented for review and affirm the trial court's judgment.

## BACKGROUND

Appellants own respective properties in a residential community managed by Appellee. Appellants purchased their properties subject to deed restrictions, which among other things, required them to pay annual assessments to Appellee, and that any construction or alteration of their property be first approved by Appellee's architectural control committee. Appellants did not pay their annual assessments, and they constructed unapproved structures on their properties.

On March 11, 2009, Appellee filed suit seeking collection on the past due assessments and a permanent injunction ordering Appellants to remove their structures. Over six months later, Appellee filed its motion for summary judgment. Appellants responded to the motion and raised

various counterclaims. After a hearing was had on Appellee's motion for summary judgment, the trial court rendered summary judgment in favor of Appellee on all claims relating to the unapproved structures and the past due assessments. Appellee then moved for summary judgment on Appellants' counterclaims, and the trial court subsequently granted the same.

## DISCUSSION

In their sole issue on appeal challenging the trial court's judgment, Appellants contend that they presented evidence that Appellee was a renegade organization, lacked authority to exist, and had no legal standing to seek the assessments or the injunction. We, however, do not address the issue, finding Appellants' contention inadequately briefed.

Initially, we recognize that Appellants are acting *pro se*, and therefore, we must construe their brief liberally. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, *pro se* parties must still comply with all applicable procedural rules and properly present their case. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App. – El Paso 2007, no pet.); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App. – El Paso 2007, pet. struck). Accordingly, a *pro se* brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). If the appellate issue is not supported by argument or fails to cite to the record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez*, 238 S.W.3d at 844-45; *Martinez*, 218 S.W.3d at 844.

Here, Appellants' factual recitations and arguments do not provide any citations to a specific page in the record where those facts may be found. *Nawas v. R & S Vending*, 920 S.W.2d 734, 737 (Tex. App. – Houston [1st Dist.] 1996, no writ) (brief must include a fair, condensed statement of facts pertinent to the points of error raised with references to pages in record where those facts may

be found; appellate court is not required to search record without guidance to determine whether assertions regarding facts of case are valid). Nor do they provide a standard of review or citation to any authority that would arguably support their contentions on appeal. *Velasquez v. Waste Connections, Inc.*, 169 S.W.3d 432, 436 (Tex. App. – El Paso 2005, no pet.) (issue inadequately briefed because argument did not contain any references to relevant cases or legal principles); *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex. App. – Houston [1st Dist.] 2002, no pet.) (issue inadequately briefed when party did little more than summarily state his point of error, without citations to legal authority or substantive analysis). Rather, they simply state that Appellee is engaging in unlawful activities that justify a judicial dissolution of its corporation. As Appellants cite to no authority for their position, we find their issue inadequately briefed and overrule the same. *See* TEX. R. APP. P. 38.1.

## CONCLUSION

Having overruled Appellants' sole issue, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

January 26, 2011

Before Chew, C.J., McClure, and Rivera, JJ.