

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00109-CV

_____

IN THE INTEREST OF J.M., A CHILD

On Appeal from the 302nd Judicial District Court
Dallas County, Texas
Trial Court No. 05-11414

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Biological father Rickey Lee Mason was appointed as J.M.'s sole managing conservator after his biological mother passed away. J.M.'s maternal aunt, Sharon Rivers, filed a petition for further action seeking to modify the parent-child relationship with a supporting affidavit alleging that "the child's present circumstances significantly impair the child's physical or emotional development due to the father's history of drug use and criminal convictions." Following a hearing at which Mason failed to appear, the trial court appointed Rivers as the child's sole managing conservator. Mason was appointed as possessory conservator and was granted standard possession and access to the child. Mason filed a letter brief generally complaining that the court's decision was "really unfair."[1]

It is axiomatic that a complaint on appeal "must address specific errors and not merely attack the trial court's order in general terms." *Velasquez v. Waste Connections, Inc*., 169 S.W.3d 432, 439 (Tex. App.—El Paso 2005, no pet.) (citing *McGuire v. McGuire*, No. 01-98-00044-CV, 1999 WL 784159 (Tex. App.—Houston [1st Dist.] Sept. 30, 1999, no pet.), and *Hollifield v. Hollifield*, 925 S.W.2d 153, 155 (Tex. App.—Austin 1996, no writ)); *see Cammack the Cook, L.L.C. v. Eastburn*, 296 S.W.3d 884, 889 (Tex. App.—Texarkana 2009, pet. denied); *see also* TEX.

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

R. APP. P. 38.1(f).  We conclude, after thorough examination of Mason's brief,[2] that it fails to raise an issue with respect to the trial court's judgment, including legal and factual sufficiency of the evidence used to support the judgment.  We also note that Mason fails to cite any legal authority.[3]  The brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."  TEX. R. APP. P. 38.1(i).

---

[2]In its entirety, the brief reads:

> I am the father of [J.M.] my name is Rickey L. Mason.  I was giving custody of my son back in march of 2011, then out of nowhere he was taken from me.  I am his only surviving parent and to my knowledge a child is suppose to be with his parent or his next surviving family member which is me, and I think this is really unfair for [J.M.] to loose his mother then have to loose his father because of unfairness and really that is whats happening right now.  A lot of things have been said about me which are untrue, I have been in trouble before in my past life, but my past has nothing to do with my sons future.  It is unjust for me not to raise my son [J.M.] it is unfair to the both of us.  I love my son.  Then I started receiving child support papers about this current situation and I had custody of [J.M.] that is so unfair.  Sharon Rivers is [J.M.']s aunt she is not his mother or his parent, she needs to let me be his father and parent and she be his aunt cause that's what she is.  I am his father, his dad, and his friend and to not have my son has broken my heart I have been unhappy since my heart has been taken from me.  To be honest I don't even know what I did to Sharon for her to be taken [J.M.] and me through this but I apologize for whatever I did.  Since I gave her my son I have not even heard from him or nothing.  I really need a chance to raise [J.M.] and something that no one is giving me as a parent or a father and I am both.  Me as a person I wouldn't just take a kid out of a parents life if it wasn't called for and I say again that is so unfair, im not gone continue to take my son through this at all im not gone be the cause of my son not loving me before I take him through these changes again I will give up fighting for him he is 7 years old to young to loose out on his life for because someone don't have heart enough to let his father raise him so if im not going to get custody of him im going to sign over all my rights as a father which is so unfair to him and me.
>
> Ps. I love my son and need my son but I refuse to take him thru any of this after loosing his mother thank you ...TEX.R.APP.P.39.7.

[3]A pro se litigant is held to the same standard as a licensed attorney.  *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.).

Accordingly, we affirm the trial court's judgment.


                                        Jack Carter
                                        Justice


Date Submitted:        May 8, 2012
Date Decided:          May 9, 2012